Filed 3/9/16  P. v. Powell CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE, | C079983 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CRF132822, CRF141331, CRF142248) |
| v. | |
| RACHEL LOUISE POWELL, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment. We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

BACKGROUND

In April 2015, defendant Rachel Louise Powell pleaded guilty to three counts in three different cases.[1]  The trial court sentenced her to an aggregate term of four years. In each case, the trial court also ordered defendant to pay a $300 restitution fine (Pen. Code, § 1202.4) and a $300 parole revocation fine (Pen. Code, § 1202.45).  In two of the cases, the trial court had previously ordered a probation revocation fine of $300 each. (Pen. Code, § 1202.44.)  Accordingly, the trial court also ordered those previously stayed probation revocation fines due and payable.[2]

Approximately one month later, defendant filed a motion for a hearing to reconsider her ability to pay the restitution fines.  Defendant contended the trial court imposed an excessive restitution fine of $600 and did not consider her ability to pay the restitution fines.  The trial court denied defendant's motion.  On July 30, 2015, defendant filed a timely notice of appeal.

DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief setting forth the facts of the case and, pursuant to *Wende, supra*, 25 Cal.3d 436, requesting the court to review the record and determine whether there are any arguable issues on appeal.  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.  We have undertaken an examination of the entire record pursuant to *Wende*, and we find no arguable error that would result in a disposition more favorable to defendant.

---

[1]  The facts underlying these convictions are not contained in the record on appeal.

[2]  The record of the proceedings in which defendant was granted probation are not contained in our record on appeal.

DISPOSITION

The judgment is affirmed.

      HULL      , J.

We concur:

      NICHOLSON     , Acting P. J.

      BUTZ      , J.